F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
HOLLEY DRIGGS
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308

P. CORPER JAMES, ESQ.
Utah Bar No. 8960
E-mail: cjames@mwjlaw.com
MABEY WRIGHT & JAMES, PLLC
175 South Main Street, Ste. 1330
Salt Lake City, UT 84111
Telephone: 801/359-3663
*(Pro Hac Vice Petition Forthcoming)*

*Attorneys for Danville Services of Nevada, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONIQUE ECKWOOD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DANVILLE SERVICES OF NEVADA, LLC; DOES 1 through 50; inclusive,<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION FROM THE EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY, NEVADA, TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446** |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Danville Services of Nevada, LLC ("Defendant" or "Danville"), by and through the law firm of Holley Driggs, hereby files this Notice of Removal of the state court action filed in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-24-888409-C ("State Court Action") to the United States District Court for the District of Nevada, and in support thereof states the following grounds for removal:

/ / /

/ / /

15984-01/3137928_2

1. On March 5, 2024, Plaintiff Monique Eckwood, ("Plaintiff"), filed a Complaint (the "Complaint") against Defendant in the State Court Action. A true and accurate copy of the Complaint is attached hereto as **Exhibit A**. Defendant was served with the Complaint and Summons on April 11, 2024.

2. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

3. This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and "is between citizens of a different state." 28 U.S.C. § 1332(a)(1).

4. This Court also has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## DIVERSITY OF CITIZENSHIP

5. Plaintiff is an individual, who was a resident of the state of Nevada from March 2019 to May 2023. *See* Complaint at ¶6. Upon information and belief, Plaintiff is currently a resident of the state of Nevada.

6. Danville is a Utah limited liability company listed with the Nevada Secretary of State. See Complaint at ¶ 8.

7. Danville is a Utah limited liability company, created by filing articles of incorporation with the Utah Division of Corporations and Commercial Code, Department of Commerce, state of Utah, on June 29, 2001.

8. Danville's sole member is Danville Services Management, LLC, a Utah limited liability corporation incorporated in 2001. Danville Services Corporation, a Utah corporation incorporated in 1987 with its principal place of business in Utah such that it is a citizen of Utah, is Danville Services Management, LLC's 100 percent sole owner/member. Therefore, Defendant Danville Services of Nevada, LLC, is also a citizen of Utah.

9. A corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business …." 28 U.S.C. § 1332(c)(1).

15984-01/3137928_2

10. Thus, pursuant to 28 U.S.C. § 1332(a)(1), Plaintiff and Defendant are citizens of different states, such that the requirement of citizenship in a different state exists for purposes of removal.

**AMOUNT IN CONTROVERSY**

11. In this action, Plaintiff alleges Defendant failed to pay overtime wages to Plaintiff and "[a]ll hourly paid non-exempt persons employed by Defendant[] in the state of Nevada who earned less than 1 ½ times the applicable minimum wage and who worked over eight (8) hours in a workday at any time within 3 years from February 28, 2024 until judgment" (the "Nevada Overtime Class"). *See* Complaint at ¶¶ 22-23.

12. Plaintiff further alleges Defendant failed to pay waiting wages to Plaintiff and "[a]ll Nevada Overtime Class Members who are former employees of Defendants" (the Waiting Time Wages Class"). *Id*. at ¶ 24.

13. Plaintiff seeks "damages according to proof for overtime compensation" "for all hours worked over 8 hours per day," for "waiting time wages," for a "lien on the property where Plaintiff and all Nevada Class Members labored," for "interest," for "punitive damages," and for "reasonable attorneys' fees" and "costs of suit." *Id*. at 9.

14. Plaintiff alleges that she is owed in excess of $15,000.00. *Id.* at ¶ 1.

15. Plaintiff alleges Defendant employed "in excess of 40 Nevada Overtime Class" members "within the applicable time period." *Id*. at ¶ 25(a).

16. Plaintiff alleges that her claim is typical of the fellow class members. *Id.* at ¶ 25(b).

17. Accepting these allegations and true for purposes of removal only, and while not conceding any amounts are due to Plaintiff or any putative class, with a minimum of 40 class members and at least $15,000.00 in damages per class member, the amount in controversy in Plaintiff's complaint is at least $600,000.00, without even taking into consideration Plaintiff's request for punitive damages or attorney fees.[1]

---

[1] *See Goodwin v. John*, 219CV01642APGEJY, 2022 WL 16840357 at *4 (D. Nev. Aug. 29, 2022) (awarding a plaintiff attorney fees in the amount of $201,072.50 when plaintiff succeeded on her state law claim for overtime wages).

18. For these reasons, Defendant also satisfies the amount of controversy requirement of 28 U.S.C. § 1332(a)(1).

## FEDERAL QUESTION

19. The presence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

20. With respect to her Second Cause of Action – Waiting Time Wages, Plaintiff's complaint alleges "Defendant has failed to timely remit all wages due and owing to the Waiting Time Wages Class Members" "[b]y failing to pay Waiting Time Wages Class members their minimum, regular, and overtime wages in violation of state and *federal law* …." Complaint, ¶ 38 (emphasis added).

21. Plaintiff "realleges and incorporates" this allegation in her Third Cause of Action for injunctive and declaratory relief. *Id.* at ¶ 41. Among other things, Plaintiff requests that this Court "enter a declaration of rights/obligations in regards to all such unlawful payment practices." *Id.* at ¶ 45.

22. Thus, in addition to state law, Plaintiff's complaint unambiguously indicates she is pursuing remedies arising under federal law, such that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## TIMING

23. The thirty (30) day-time limit to remove a matter to federal court as established by 28 U.S.C. § 1446(b)(1) commences upon the defendant being notified of the action and brought under a court's authority through "formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Mann v. Bank of N.Y. Mellon Corp.*, 2017 U.S. Dist. LEXIS 11036, at *4 (D. Nev. Jan. 25, 2017); *Sharpless v. Geico Ins. Co.*, 2016 U.S. Dist. LEXIS 159462, at *5 (D. Nev. Nov. 16, 2016).

///

///

24. On April 11, 2024, Defendant was served with the Complaint and Summons for the State Court Action. The date of service is less than thirty (30) days from the date of filing this Notice of Removal.

25. Under the thirty-day removal deadline set forth 28 U.S.C. § 1446(b)(1), Defendant satisfied the timing requirement of the statute for removal of this action.

## CONCLUSION

26. Based on the foregoing, this action is a civil action of which the United States District Court for the District of Nevada has original jurisdiction under 28 U.S.C. § 1332(a)(1) and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

27. This Notice of Removal is filed subject to and with a reservation of rights by Defendant, including, but not limited to, the right to request judicial reference pursuant to the terms of the contracts between the parties, defenses and objections to venue, improper service of process, personal jurisdiction, failure to state a claim, and any other defenses Defendant might pursue through motion or pleading. Defendant will file a responsive pleading or motion to the Complaint in accordance with Rule 81 of the Federal Rules of Civil Procedure.

28. A copy of the following documents filed in the State Court Action are attached hereto: Complaint (**Exhibit A**); Initial Appearance Fee Disclosure (**Exhibit B**); Notice of Affidavit of Due Diligence (**Exhibit C**); and Notice of Affidavit of Service (**Exhibit D**).

29. The only processes, pleadings, and orders that have been filed in the State Court Action are attached as Exhibits A-D. Accordingly, copies of all processes, pleadings, and orders served upon Defendant have been submitted with this Notice of Removal.

30. Defendant will promptly file a copy of this Notice of Removal with the Eighth Judicial District Court, Clark County, Nevada, and will promptly serve the same on counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

31. Defendant reserves the right to amend or supplement this Notice of Removal.

/ / /

/ / /

WHEREFORE, Defendant respectfully provides this Notice of Removal, removing this action from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

DATED this 30th day of April, 2024.

**HOLLEY DRIGGS**

/s/ F. Thomas Edwards
F. Thomas Edwards, Esq.
Nevada Bar No. 9549
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101

**MABEY WRIGHT & JAMES, PLLC**

P. Corper James
Utah Bar No. 8960
175 South Main Street, Ste. 1330
Salt Lake City, Utah 84111
*Pro Hac Vice Petition Forthcoming*

**Attorneys for Danville Services of Nevada, LLC**